Gary E. Di Grazia, Esq.
Nevada Bar No. 198
David M. Stanton, Esq.
Nevada Bar No. 4389
GOICOECHEA, DI GRAZIA,
COYLE & STANTON, LTD.
530 Idaho Street
P.O. Box 1358
Elko, NV 89801
Telephone: (775) 738-8091
Facsimile: (775) 738-4220
gdigrazia@frontiernet.net
davidstanton@frontiernet.net
*Attorneys for Plaintiff*
*Saving America's Mustangs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SAVING AMERICA'S MUSTANGS, a Nevada non-profit corporation, | Case No.: _____ |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF AND TO QUIET TITLE** |
| vs. | |
| BUREAU OF LAND MANAGEMENT, an administrative agency of the United States Department of Interior, | |
| Defendant. | |

SAVING AMERICA'S MUSTANGS, a Nevada non-profit corporation (hereinafter "SAM"), by and through its attorneys, GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD., of Elko, Nevada, as and for its Complaint against the BUREAU OF LAND MANAGEMENT (hereinafter "BLM"), alleges as follows:

I.

## GENERAL ALLEGATIONS

1. Plaintiff is and at all times relevant hereto has been a non-profit corporation organized and existing under the laws of the State of Nevada.

2. SAM owns and operates a wild horse sanctuary in Elko County, Nevada, south of Wells, on a former cattle ranch previously owned by Bert H. Robison and Loyd Sorensen.

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
Attorneys at Law
530 Idaho Street, P.O. Box 1358
Elko, Nevada 89801 - (775) 738-8091

1

3. The BLM is and at all times relevant hereto has been an administrative agency of the United States Department of Interior.

4. On or about June 2, 1967, the United States of America issued a Patent to Bert H. Robison and Loyd Sorensen for land located in Elko County which contained specific express exceptions and reservations. A copy of the Patent containing the description of the reservation is attached hereto as **Exhibit 1**. The express exception and reservation that is relevant here, which created a road easement for the benefit of the United States, reads as follows:

> That road and all appurtenances thereto, constructed by the United States through, over, or upon the W½W½ sec. 4; W½W½ sec. 9, T. 32 N., R. 66 E.; E½NE¼ sec. 19; SW¼NW¼, W½SW¼ sec. 20; NW¼, W½SW¼ sec 29, T. 33 N., R. 66 E.; and the right of the United States, its agents or employees, to maintain, operate, repair, or improve the same *so long as needed or used for or by the United States.* (emphasis added)

(hereinafter the "Reservation").

5. The road described in the Reservation essentially consists of an unimproved dirt road approximately five miles in length which traverses SAM's private property in a north-to-south direction. A map showing the location of the road is attached hereto as **Exhibit 2**.

6. The express language of the Reservation does not include an easement for public use.

7. By its express terms, the Reservation is limited to use by "the United States, its agents or employees" and the duration of the road easement is only for "so long as needed or used for or by the United States."

8. The United States' need for the road is not identical to the general public's need for the road, assuming any such need even exists.

9. The United States' use of the road is not identical to the general public's use of the road.

10. The length of time the road will be needed or used by the United States is not identical to the length of time the road will be needed or used by the general public.

11. The description of the easement in the Reservation, significantly, omits that portion of the road which passes through Section 32 and Section 5, T. 33 N., R. 66 E. The

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
Attorneys at Law
530 Idaho Street, P.O. Box 1358
Elko, Nevada 89801 - (775) 738-8091

L:\wpdocs\NODE-2\Clients\M-P\Pickens\Pleadings\Complaint (BLM)(final).wpd

2

portion of the road that is not included in the description is approximately one and one-half miles in length. As a consequence of the foregoing omission, the portion of the road that is described in the Reservation cannot be lawfully accessed by either the United States or the general public by any mode of ground transportation.

12. In May 2013, SAM became concerned that members of the public who were using various roads on its property were traveling off the roads and then trespassing on SAM's private lands, creating a risk of harm to themselves, to representatives of SAM occupying the property, and to SAM's property.

13. As a result, out of concern that vandalism or some other harm would inevitably result from these trespassers, SAM installed gates to control access to that portion of the roadway at issue here that passed through SAM's private lands.

14. SAM provided the BLM with keys which permitted access through the gates. Consequently, the BLM, its agents and employees had full access to the road described in the Reservation for the purpose of maintaining, operating, repairing or improving the road, as allowed under the express language of the Reservation. However, the BLM has taken the position that the general public also has the right to access the road pursuant to the Reservation and that SAM is in violation of the Reservation by denying the general public access to the road through the use of locked gates.

## II.

### FIRST CLAIM FOR RELIEF

### (DECLARATORY JUDGMENT ACT - 28 U.S. Code § 2201, et seq.)

15. SAM incorporates the allegations contained in Paragraphs 1 through 14 as if set forth in full herein.

16. The Federal Declaratory Judgment Act, 28 U.S. Code § 2201, *et seq.*, creates a remedy for a case of actual controversy, permitting this Court to declare the rights and other legal relations of SAM and the BLM concerning the scope of the road easement described in the Reservation.

17. The actual controversy between SAM and the BLM requires a declaration of the

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
Attorneys at Law
530 Idaho Street, P.O. Box 1358
Elko, Nevada 89801 - (775) 738-8091

3

rights and other legal relations of the parties as follows:

    A.    A declaration as to whether the road easement described in the Reservation includes access by both the United States and the general public, or is limited to access by the United States, its agents and employees; and

    B.    A declaration as to whether there exists a gap in the road easement of approximately one and one-half miles, located in Section 32 and Section 5, T. 33 N., R. 66 E, by virtue of its omission from the description in the Reservation, thus preventing both the United States and the general public from accessing the road easement on SAM's property by ground.

### III.
### SECOND CLAIM FOR RELIEF
### (QUIET TITLE ACT - 28 U.S. Code § 2809a)

18.    SAM incorporates the allegations contained in Paragraphs 1 through 17 as if set forth in full herein.

19.    Pursuant to the Quiet Title Act, 28 U.S. Code § 2809a, the United States may be named as a party defendant in a civil action to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights.

20.    The BLM, an agency of the United States, claims an interest in the road easement described in the Reservation beyond the express language of the description.

21.    The BLM asserts that, as a matter of law, the general public has a right of access by virtue of the fact that the Reservation is in the name of the United States.

22.    SAM asserts that only the United States, its agents or employees have a right of access under the Reservation and that this express language does not create an implied right of access for the general public.

**WHEREFORE,** SAM prays judgment against the BLM as follows:

1.    A judgment declaring and adjudicating the respective rights and duties of SAM and the BLM under the terms of the Reservation, declaring:

    A.    That the general public does not have a right of access by virtue of the Reservation in the name of the United States;

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
Attorneys at Law
530 Idaho Street, P.O. Box 1358
Elko, Nevada 89801 - (775) 738-8091

L:\wpdoc\NODE-T\Clients M-P\Pickens\Pleadings\Complaint (BLM)(final).wpd

4

B. That the BLM does not have the right to require SAM to open the roadway to use by the general public; and

C. That neither the BLM nor the general public has an access right over those portions of the road which were omitted from the easement description contained in the Reservation;

2. For attorney fees and costs to the extent permitted by law; and

3. For such other and further relief as to this Court appears just and proper.

**DATED** this 16th day of December, 2016.

> **GOICOECHEA, DI GRAZIA,
> COYLE & STANTON, LTD.**
> Attorneys for Plaintiff, Saving America's Mustangs
> 530 Idaho Street
> Elko, NV 89801
>
> By: _/s/ Gary E. di Grazia_
> **GARY E. DI GRAZIA**
> Nevada State Bar No. 198
> **DAVID M. STANTON**
> Nevada State Bar No. 4389

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
Attorneys at Law
530 Idaho Street, P.O. Box 1358
Elko, Nevada 89801 - (775) 738-8091

5