**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAVING AMERICA'S MUSTANGS, <br><br> Plaintiff, <br><br> vs. <br><br> BUREAU OF LAND MANAGEMENT, <br><br> Defendant. | 3:16-cv-00733-RCJ-VPC <br><br> **ORDER** |

This action arises out of a dispute over whether the United States reserved title to a segment of road or only an easement for its use when it deeded certain land to Plaintiff's predecessor-in-interest. Pending before the Court is a motion to dismiss for lack of subject matter jurisdiction.

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiff Saving America's Mustangs ("SAM") owns and operates a wild horse sanctuary near Elko, Nevada. (Compl. ¶ 2, ECF No. 1). On or about June 2, 1967, the United States had issued a land patent ("the Patent") to Plaintiff's predecessors-in-interest. (*Id.* ¶ 4). The Patent included a reservation ("the Reservation") for use and maintenance of a five-mile road ("the Road") that traverses Plaintiff's property in a north-south direction. (*See id.* ¶¶ 4–5). The Reservation was for use by the United States and its agents and employees, not for use by the

public. (*Id.* ¶¶ 7–10). Members of the public have since 2013 been using roads on SAM's property and otherwise trespassing. (*Id.* ¶ 12). SAM therefore installed access gates on the Road and gave the Bureau of Land Management ("BLM") keys to the gates. (*Id.* ¶¶ 13–14). BLM, however, has asserted that the public has the right to use the Road and that SAM's installation of gates on the Road violates the Reservation. (*Id.* ¶ 14).

SAM has sued BLM in this Court under the Declaratory Judgment Act and to quiet title to the Road. BLM has moved to dismiss for lack of subject matter jurisdiction.

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen*, 511 U.S. at 377. A party may move to dismiss for lack of subject matter jurisdiction under the federal rules. Fed. R. Civ. P. 12(b)(1). Additionally, a court may raise the question of subject matter jurisdiction sua sponte at any time during an action. *United States v. Moreno–Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). Regardless of who raises the issue, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106–88 to 106–89 (3d ed. 2005)).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* Waivers of sovereign immunity are construed narrowly. *See Lane v. Pena*, 518 U.S. 187, 192 (1996); *Lehman v. Nakshian*, 453 U.S. 156, 160–61 (1981).

**III.    ANALYSIS**

The case turns upon whether the United States excepted the Road from the grant of fee simple title altogether or only reserved an easement limited to its own use (and not for use by the general public).  The Patent conveys certain land, "EXCEPTING AND RESERVING TO THE UNITED STATES" three rights. (*See* Patent 1–2, ECF No. 1-1).  That language indicates that the rights listed thereafter are variously "except[ions]" to the conveyance itself or "reserv[ations]" of rights in the land conveyed.  The first right listed is "[a] right-of-way thereon for ditches and canals . . . ." (*Id.* 1).  The second right listed is "[a]ll the mineral deposits in the lands . . . ." (*Id.* 2).  The third right listed is "[t]hat road and all appurtenances thereto . . . and the right of the United States, its agents or employees, to maintain, operate, repair, or improve the same so long as needed or used for or by the United States." (*Id.*).  That might be read as an exception to the conveyance as to the Road itself or as reservation of an easement over the Road.  At least one other court has approved the Interior Board of Land Appeals' construction of a patent that used the same "excepting and reserving" language where a listed right was, as here, not qualified with "subject to" or similar language typical to reservations of easements. *See Bolack Minerals Co. v. Norton*, 370 F. Supp. 2d 161, 174–75 (D.D.C. 2005) (citing 43 U.S.C. § 1768; 43 C.F.R. § 2803.5(b)).  The Court is not currently tasked with interpreting the Patent but with determining the Court's jurisdiction in light of the United States' limited waiver of sovereign immunity under the Quiet Title Act.

The United States has waived its sovereign immunity as to quiet title-type actions. *See* 28 U.S.C. § 2409a(a) ("The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights.").

First, BLM argues that because SAM seeks only to limit the scope of a purported easement as opposed to declaring a disputed title, the action is not contemplated under § 2409a(a). But there is in fact a dispute over title to the Road. SAM alleges that the Patent reserved for the United States only a "road easement," not title to the Road (Compl. ¶ 4). Elsewhere in its own motion, BLM not only acknowledges but emphasizes that the core of the present dispute is over title to the Road:

> SAM characterizes the "Reservation" as having "created a road easement for the benefit of the United States"—however, that characterization is belied by the plain terms of the reservation language in the 1967 patent. . . . Rather, the 1967 patent conveyed title to the larger property described in the patent and then reserved from that title conveyance the roadway described in the reservation. Quite plainly, the United States did not reserve an *easement* (or right-of-way) for *use* of the described roadway but rather reserved *title* to the described roadway (and, according to the patent language, "all appurtenances thereto") when it issued the 1967 patent . . . .

(Mot. Dismiss 3:8–20, ECF No. 5 (citation omitted)). Because there is a dispute over title between SAM and BLM, there is jurisdiction under § 2409a(a). *See Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191–92 (9th Cir. 1999).

Second, BLM takes issue with the way the case has been pled. Although there are nominally two claims pled, the action is in essence a single-count action to quiet title to the Road. Plaintiff's invocation of the Declaratory Judgment Act may be superfluous in light of the claim under the Quiet Title Act, but that does not change the nature of the action as one for quiet title. Actions for declaratory judgment as to rights in real estate are by definition quiet title actions. The broad "declaratory judgment" action is a modern statutory device encompassing many kinds of longstanding common law actions, such as actions to quiet title to real estate. *See Kress v. Corey*, 189 P.2d 352, 363–64 (Nev. 1948) ("The State of Nevada adopted the Uniform Declaratory Judgment Act in 1929. . . . The federal Declaratory Judgment Act was passed in

1934. For many years prior to the adoption of any such statutes courts have nonetheless been rendering declaratory judgments, that is, the declaration of the pre-existing rights of the litigants without any coercive decree, in such cases as quiet title suits . . . ." (citation omitted)). The Court will dismiss the separate declaratory judgment claim as redundant with the quiet title claim but will not dismiss the quiet title claim simply because the prayer for relief does not seek to "quiet title" in those terms but rather seeks a declaration of rights and duties as to the Road. The prayer for relief is appropriately crafted to a quiet title claim.

Third, BLM argues that only the United States may be named as a party under the Quiet Title Act. Where a federal agency is named, however, the suit is simply construed as a quiet title action against the United States for the purposes of the Quiet Title Act. *Wright v. Gregg*, 685 F.2d 340, 341–42 (9th Cir. 1982). The Court will not explicitly substitute the United States for BLM unless BLM requests it.

Finally, BLM argues that the action is barred by the 12-year statute of limitations:

> Any civil action under this section, except for an action brought by a State, shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States.

28 U.S.C. § 2409a(g). The statute of limitations under the Quiet Title Act is jurisdictional. *Fid. Exploration & Prod. Co. v. United States*, 506 F.3d 1182, 1185–86 (9th Cir. 2007). Because a statute of limitations is an affirmative defense, a court normally cannot dismiss thereunder unless the defense appears on the face of the pleading to be dismissed. *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013). However, where a statute of limitations is jurisdictional, as here, a plaintiff must disprove the defense to survive a

Rule 12(b)(1) motion. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

BLM argues that SAM or its predecessors knew or should have known of the United States' interest in the Road in 1967 when it issued the Patent. But the Court of Appeals has rejected this precise argument where the dispute does not arise at the time of the issuance of a patent but only later, as here. *See Leisnoi, Inc. v. United States*, 267 F.3d 1019, 1024–25 (9th Cir. 2001) ("It makes no sense to start limitations running because of an event that creates no dispute and is not involved in the controversy against which a limitations defense is asserted. Nor do the rules of statutory construction require such a result."). SAM provides the declarations of two persons who argue that they did not and should not have known of the United States' disputed interest in the Road. (*See* Von Sorenson Decl. ¶¶ 4–7, ECF No. 10-2 (attesting that he owned the relevant land from 1984 to 2010 and was never told by the Government "that the public had the right to use the road"); Pickens Decl. ¶¶ 3, 6, 13, ECF No. 10-3 (attesting that she is the President of SAM, which acquired the relevant land in 2011, and that she did not become aware of the United States' claim that the public had the right to use the Road until 2013)). BLM has provided no evidence that the present dispute over public use of the Road in fact arose more than 12 years before SAM filed the Complaint. The Court therefore finds that the statute of limitations does not bar the present action.

In reply, BLM argues that its motion is moot due to SAM's filing of the Amended Complaint ("AC"). But the issue of a court's subject matter jurisdiction is never moot while an action remains pending. It is appropriate for the Court to consider the issue as against the AC. The AC makes the same relevant allegations as the Complaint did and lists the same claims.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED IN PART and DENIED IN PART. The Quiet Title Act claim may proceed, but the separate claim under the Declaratory Judgment Act is dismissed.

IT IS SO ORDERED.

DATED: This 13th day of April, 2017.

_____
ROBERT C. JONES
United States District Judge