# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

_____

|  |  |  |
|---|---|---|
| SAVING AMERICA'S MUSTANGS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:16-cv-00733-RCJ-VPC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| BUREAU OF LAND MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

_____

This action arises out of a dispute over whether the United States reserved title to a segment of road or only an easement for its use when it patented certain land. Pending before the Court is a motion to dismiss for lack of subject matter jurisdiction and cross-motions for summary judgment.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Saving America's Mustangs ("SAM") owns and operates a wild horse sanctuary near Elko, Nevada. (Compl. ¶ 2, ECF No. 1). On or about June 2, 1967, the United States issued a land patent ("the Patent") to Plaintiff's predecessor-in-interest. (*Id.* ¶ 4). The Patent included a reservation ("the Reservation") for use and maintenance of a five-mile road ("the Road") that traverses Plaintiff's property in a north-south direction. (*See id.* ¶¶ 4–5). The Reservation was for use by the United States and its agents and employees, not for use by the public. (*Id.* ¶¶ 7–

10). Members of the public have since 2013 been using roads on SAM's property and otherwise trespassing. (*Id.* ¶ 12). SAM therefore installed access gates on the Road and gave the Bureau of Land Management ("BLM") keys to the gates. (*Id.* ¶¶ 13–14). BLM, however, has asserted that the public has the right to use the Road and that SAM's installation of gates on the Road violates the Reservation. (*Id.* ¶ 14).

SAM sued BLM in this Court under the Declaratory Judgment and Quiet Title Acts. BLM moved to dismiss for lack of subject matter jurisdiction. The Court granted the motion in part, dismissing the duplicative declaratory judgment claim but refusing to dismiss the quiet title claim. BLM has again moved to dismiss for lack of jurisdiction, and the parties have filed cross-motions for summary judgment on the merits.

## II.    SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks

omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).  If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely

1   colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

2   Notably, facts are only viewed in the light most favorable to the nonmoving party where there is

3   a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).  That is, even if

4   the underlying claim contains a reasonableness test, where a party's evidence is so clearly

5   contradicted by the record as a whole that no reasonable jury could believe it, "a court should not

6   adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

7   **III.     ANALYSIS**

8          **A.     Subject Matter Jurisdiction**

9          The Court previously denied a motion to dismiss for lack of subject matter jurisdiction,

10  ruling that there was a dispute to title over the Road between SAM and BLM, and that the

11  present dispute had arisen within twelve years of SAM filing the Complaint. *See Leisnoi, Inc. v.*

12  *United States*, 267 F.3d 1019, 1024–25 (9th Cir. 2001).  BLM again asks the Court to dismiss,

13  arguing that its previous motion was directed to the face of the Complaint but that its current

14  motion is a factual attack. *See Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d

15  730, 733 (9th Cir. 1979).  The Court previously found that SAM had provided evidence

16  sufficient to show jurisdiction, i.e., that the statute of limitations had not run on the claim. (*See*

17  Sorenson Decl. ¶¶ 4–7, ECF No. 10-2; Pickens Decl. ¶¶ 3, 6, 13, ECF No. 10-3).  BLM now

18  adduces evidence that SAM's predecessor-in-interest, Von Sorensen, was aware of public use of

19  the road well prior to twelve years before the present lawsuit was filed. (Sorenson Dep. 37, ECF

20  No. 27-2) (testifying that members of the public used the Road between 1977 and 1984)).  He

21  also testified that vehicles would occasionally use the Road from prior to the Patent being issued

22  in 1967 until he and his wife sold the land in 2010, and that he and his wife never questioned

23

24

public use of the road or attempted to stop anyone from using it. (*Id.* 39–43). This evidence tends to show that public use of the Road was long known to SAM's predecessors.

SAM adduces no contrary evidence. It argues that under the law of the case, the Court should ignore BLM's evidence because the Court already ruled that SAM had provided evidence sufficient to show jurisdiction. The law of the case doctrine does not bind a court from reconsidering its own rulings. Anyway, although the Court previously cited to SAM's evidence, BLM had not yet attempted to make a factual attack against jurisdiction. It has done so now. When the testimony of Von Sorenson submitted by BLM is considered against the testimony of Von Sorenson previously submitted by SAM, there remains no genuine issue of material fact. The Court previously cited to SAM's evidence that Sorenson claimed never to have been explicitly told by the United States that the public could use the Road. But BLM's evidence makes it clear he was long aware of the public's use of the Road and never protested or tried to prevent it. The Court is compelled to find that the statute of limitations on the present quiet title action ran before the Complaint was filed.

SAM argues that Von Sorenson's knowledge of public use of the Road is irrelevant because he was not SAM's *immediate* predecessor. *See* 28 U.S.C. § 2409a(g) ("Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States."). But the only Court of Appeals to have addressed this issue has ruled that "any predecessor in interest" is enough. *See Deakyne v. Army Corps of Eng'rs*, 701 F.2d 271, 273 (3rd Cir. 1983). The Court agrees. All predecessors are predecessors of a current owner. The statute does not limit the knowledge requirement to the "immediate predecessor." The intent of the statute is for the limitations period to begin running as soon as any current owner is or should be aware of the relevant issue.

### B.    Summary Judgment

On the merits, the case turns upon whether the United States excepted the Road from the grant of fee simple title or merely reserved an easement limited to its own use (and not use by the general public).  The Patent conveys certain land, with three express limitations.  (*See* Patent 1–2, ECF No. 1-1).  The limitations listed are "except[ions]" to the conveyance itself or "reserv[ations]" of rights in the land conveyed.  The first limitation is "A right-of-way thereon for ditches and canals . . . ." (*Id.* 1).  The second limitation is "All the mineral deposits in the lands . . . ." (*Id.* 2).  The third limitation is "That road and all appurtenances thereto . . . and the right of the United States, its agents or employees, to maintain, operate, repair, or improve the same so long as needed or used for or by the United States." (*Id.*).  The present dispute arises out of the fact that the third limitation could be read either as an exception to the conveyance as to the Road itself (in which case the United States retains title to the Road, and BLM should prevail) or as reservation of an easement over the Road that does not extend to public use (in which case the United States has only an easement over the Road that does not extend to public use, and SAM should prevail).

At least one other court has approved the Interior Board of Land Appeals' construction of such a provision as an exception to transfer of title where a patent did not use "subject to" or other language typical to reservations of easements, even where the limitation explicitly excepted and reserved only "rights-of-way." *See Bolack Minerals Co. v. Norton*, 370 F. Supp. 2d 161, 174–75 (D.D.C. 2005) (citing 43 U.S.C. § 1768; 43 C.F.R. § 2803.5(b)).  Here, the intent to except the Road from the transfer of title is even clearer than in *Bolack*.  Here, as in *Bolack*, there is no "subject to" language accompanying the third limitation that would indicate an easement.  Furthermore, here, unlike in *Bolack*, the thing excepted is not even referred to as a "right-of-

way," but as a "road."  That is, the third limitation "except[s] and reserve[s] to the United States" not a "right-of-way" or "easement" over the Road, but *That road*." (Patent 2).  The fact that the first limitation is for "A *right-of-way* for ditches and canals," (*id.* 1), and that the third limitation is for the "road" itself, (*id.* 2), shows that the drafters intended to distinguish reservations of easements from exceptions to transfer by prefacing the former with language typical thereto.  The third limitation (on the Road) is not so prefaced.  Because the United States retained title to the Road when it issued the Patent to the surrounding land, it may permit the public to use it at its discretion, and BLM would be entitled to summary judgment on the merits even if the jurisdictional statute of limitations had not run.

The Court rejects the argument that the United States did not have the statutory authority to reserve fee simple title to the Road, but only an easement.  SAM cites Section 8 of the Taylor Grazing Act (the exchange provision), pursuant to which it argues the Patent was issued. *See* Taylor Grazing Act of 1934, § 8, 48 Stat. 1269, 1272, *codified at* 43 U.S.C. 315g (repealed) ("may make reservations of minerals, easements, or rights of use").  SAM argues that because the statute did not explicitly permit reservations of fee simple title, it was not permitted.  But the cited language is permissive and does not purport to restrict the ability of the United States to define the land given in fee.  The only restriction on land exchanges concerns value. *See id.* ("and in exchange therefore to issue patent for not to exceed an equal value of surveyed grazing district land or of unreserved surveyed public land").  The Court perceives no reason why the definition of lands patented via such an exchange may not have excluded terrain features or even entire tracts of land within an outer perimeter.  It is not difficult to imagine that in some cases, such an exclusion might even have been necessary to comply with the equal value rule while maximizing a rancher's receipt of useful grazing lands. *See id.*; *see also Andrus v. Utah*, 446

U.S. 500, 538 (1980).  That is, a rancher possessing a limited value of land to transfer will desire a maximum amount of useful grazing land in return.  Excepting fee title to a road or other feature within a larger tract of land to be transferred, and to which the rancher has no need for fee simple title, would permit the rancher to receive a somewhat larger amount of useful grazing lands in return, because the value of the road will not be counted against the rancher's exchange.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 23) is GRANTED, the Motions for Summary Judgment (ECF Nos. 24, 29) are DENIED as moot, and the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 20th day of November, 2017.

_____
ROBERT C. JONES
United States District Judge